ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106



STATE OF SOUTH CAROLINA     )    IN THE COURT OF COMMON PLEAS
                                                  )    FIFTH JUDICIAL CIRCUIT
COUNTY OF RICHLAND            )    Case No: 2025-CP-40-_____
                                                  )
Michael Burden and                  )
Zena Burden,                        )
                                                  )
                  Plaintiffs,            )
                                                  )
Medical University Hospital Authority,    )              **SUMMONS**
d/b/a MUSC Health Columbia Medical     )      **\*\*Jury Trial Demanded\*\***
Center Downtown,                 )
                                                  )
                  Defendants.         )
_____ )

**TO: THE DEFENDANTS ABOVE NAMED:**

YOU ARE SUMMONED AND REQUIRED to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your answer on the subscribed at his office, Post Office Box 11785, 546 E. Main Street, Rock Hill, South Carolina 29731, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the prescribed time, a judgment by default may be entered against you for the amount or other remedy requested in the attached Complaint.

{SIGNATURES ON FOLLOWING PAGE}

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

*s/ Warren P. Johnson*
Warren P. Johnson  (71759)
Joshua R. Fester  (102241)
Law Office of Darrell Thomas Johnson, Jr., LLC
300 Main Street
PO Box 1125
Hardeeville, South Carolina 29927
(Tel.) 843-784-2142
(Fax) 843-784-5770
*wpj@johnsonslawoffice.com*

*s/D. Bradley Jordan #15288*
Jordan Law Firm, PC
546 East Main Street
Post Office Box 11785
Rock Hill, SC 29731
(Tel.) 803-817-7999
(Fax) 803-817-9704
*brad@jordanlawfirmpc.com*

ATTORNEYS FOR PLAINTIFF

May 2, 2025
Hardeeville, South Carolina

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | Case No:  2025-CP-40-_____ |
| | ) | |
| Michael Burden and | ) | |
| Zena Burden, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT** |
| | ) | **\*\*Jury Trial Demanded\*\*** |
| Medical University Hospital Authority, | ) | |
| d/b/a MUSC Health Columbia Medical | ) | |
| Center Downtown, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff complaining of Defendant, would respectfully show unto the Court:

## INTRODUCTION

1.     This is an action brought under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, to address the Defendant's failure to provide the necessary medical screening and/or stabilization before transferring or discharging the Plaintiff in violation of federal law and under state defamation/slander laws.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically EMTALA and the Court of Common Pleas for Richland County has concurrent jurisdiction.   *Tafflin v. Levitt, 493 U.S. 455 (1990)*

3.     Venue is proper in Richland County, South Carolina because the acts and omissions giving rise to this action occurred in Columbia, Richland County, South Carolina.

3

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

## PARTIES

4.      Plaintiff, Michael Burden, is a citizen and resident of a resident of Hopkins, Richland County, South Carolina and was at all times hereinafter mentioned, was brought to the hospital and was requesting examination or treatment for a medical condition.

5.      The Plaintiff, Zena Burden, is a citizen of Richland County, South Carolina, and was at all times hereinafter mentioned, the wife of the Plaintiff, Michael Burden.

6.      Defendant, Medical University Hospital Authority, d/b/a  MUSC Health Columbia Medical Center Downtown, is a hospital operating in Columbia, Richland County, South Carolina and is part of the MUSC System and is a participating provider under the Medicare program as defined by 42 U.S.C. § 1395cc.

## FACTUAL BACKGROUND

7.      On or about January 16, 2024, the Plaintiff was taken to MUSC Health Columbia Medical Center Downtown, located at 2435 Forest Drive, Columbia, South Carolina 29204 by his supervisor and a coworker.  He was taken and presented to MUSC Health Columbia Medical Center's emergency department after having suffered a head injury at work where he was attacked by another employee, struck and fell backwards causing him to hit his head on concrete.

8.      Plaintiff was confused, unable to tell medical providers what occurred and was unable to determine his whereabouts or answer any orientation questions.  He was left at MUSC by the co-workers from Columbia Systems International of SC, LLC.

9.      Plaintiff was turned away from MUSC and was left on his own in a confused state with a severe head injury to wander the parking lot.

10.      He was again brought to the Emergency Room at MUSC Health Columbia Medical Center by the Richland County Sheriff's Department and was turned away.  The

4

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

Plaintiff and Sheriff's Department personnel were informed by an unknown agent, servant or employee of MUSC Health Columbia Medical Center that: "He cannot be seen here". The Plaintiff was falsely accused of criminal trespass and trying to break into a car and the back door of the hospital. The agent, servant or employee of MUSC Health Columbia Medical Center stated, "He has to go the Prisma way."

11.     Upon arrival at MUSC Health Columbia Medical Center, the Plaintiff was entitled to an appropriate medical screening examination to determine whether an emergency medical condition existed, pursuant to 42 U.S.C. § 1395dd(a).

12.     Despite Plaintiff's presentation and complaints, Defendant failed to provide an appropriate medical screening, instead turned him away, directing him outside of the hospital and left him in a confused state to wander the parking lot, not knowing his whereabouts or being oriented to his surroundings or his condition. When the Sheriff's Department brought him back to the entrance of the Emergency Room at MUSC, they would not allow him to come inside.

13.     Plaintiff was turned away without triage, without any examination, without any testing or scans to determine if he had a closed head injury or brain bleed, thus delaying Plaintiff's care allowing his condition to worsen. MUSC Health Columbia Medical Center thus failed to even attempt to screen, treat or stabilize Plaintiff's condition in direct violation of EMTALA.

14.     Upon information and belief, Defendant's actions were motivated by perceived inability to pay, his condition of being confused and disoriented.

15.     Defendant failed to stabilize the Plaintiff's emergency medical condition as required by 42 U.S.C. § 1395dd(b).

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

16.    Plaintiff was ultimately taken to Prisma Health by law enforcement after being found wandering in the MUSC Health parking lot and being turned down for medical treatment for a second time.

17.    The physicians at Prisma Health immediately performed a CT scan where it was determined that he had a large left epidural hematoma measuring approximately 8 cm with subfalcine herniation.  It was also determined that he had a right parietal skull fracture, hemorrhagic contusions, subarachnoid hemorrhage, with subdural blood in the left middle cranial fossa.  The right parietal skull fracture extended into the central skull base with fluid and hemorrhage in the left sphenoid sinus. Neurosurgery was immediately consulted and a craniectomy or craniotomy was performed for evacuation of the hematoma.

18.    As a result of Defendant's actions, the Plaintiff suffered a worsening of his critical brain injury, further medical expenses and permanent impairment resulting in total and permanent disability.

## FOR A FIRST CAUSE OF ACTION
### Violation of EMTALA (42 U.S.C. § 1395dd)

19.    Plaintiff, Michael Burden, incorporates all preceding paragraphs as if fully set forth herein.

20.    Defendant, Medical University Hospital Authority, d/b/a MUSC Health Columbia Medical Center Downtown, is a hospital that participates in the Medicare program and is subject to EMTALA's requirements.

21.    42 U.S.C. § 1395dd(a) provides the following:

**a) Medical screening requirement**

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition (within the meaning of subsection (e)(1)) exists.

**(b) Necessary stabilizing treatment for emergency medical conditions and labor**

**(1) In general**

If any individual (whether or not eligible for benefits under this subchapter) comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either--

**(A)** within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or

**(B)** for transfer of the individual to another medical facility in accordance with subsection (c).

22.     Defendant failed to provide an appropriate medical screening examination to the Plaintiff, in violation of 42 U.S.C. § 1395dd(a).

23.     Defendant failed to stabilize the Plaintiff's emergency medical condition prior to transfer or discharge, in violation of 42 U.S.C. § 1395dd(b).

24.     As a direct and proximate cause of Defendant's actions, the Plaintiff suffered a delay in treatment, a worsening of his closed head injury and brain bleed; potential additional medical treatment and medical bills; permanent impairment and resulting disability.

<u>**FOR A SECOND CAUSE OF ACTION**</u>

**"Defamation – Slander and Slander Per Se"**

25.     The Plaintiff incorporates the allegations of paragraphs 1 through 24 as if set forth hereinafter verbatim.

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

26.    Upon information and belief, the Defendant, by and through its agent, made and published statements to law enforcement including deputies of the Richland County Sheriff's Department (a third party) that Plaintiff was guilty of criminal trespass and attempted breaking and entering of numerous cars and the hospital building.

27.    The statements concerning the Plaintiff were false. The Plaintiff had a closed head injury and was confused, disoriented and severely injured.

28.    The statement made by Defendant's agent, servant or employee are attributable to the Defendant under the doctrine of *respondeat superior*.  The agent, servant or employee made the defamatory statements within the scope of her employment and while performing job-related duties.

29.    The agent, servant or employee of Defendant, MUSC Health had actual or apparent authority to speak on behalf of the Defendant hospital and attributes her statements to the nursing supervisor and were made with the direct permission and at the direction of the nursing supervisor.

30.    The Defendant, MUSC Health ratified and endorsed the statements made by their agent, servant or employee and the statements were made with the direct knowledge and at the instruction of the Nursing Supervisor.   Furthermore, Defendant MUSC Health has failed to disavow or deny such statements.

31.    The Defendant's actions in making the false statements were negligent, willful, wanton and grossly negligent, and reckless.

32.    In South Carolina, slander per se refers to specific types of spoken defamatory statements that are considered so inherently harmful that the Plaintiff does not need to prove actual damages to his reputation.

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

33.     Upon information and belief, the false statements made by Defendant's agent, servant or employee constitutes Slander per se due to the allegations of Plaintiff being involved in a crime, being a thief and/or being dishonest. Therefore, malice and damages are presumed. The harm is presumed as a matter of law.

34.     The Defendants actions were also with actual malice in that the Defendants acted with ill will toward the Plaintiff or acted recklessly, wantonly and with conscious indifference towards the Plaintiff's rights. Furthermore, the Defendant, by and through their agents, servants or employees acted with conscious indifference to Plaintiff's medical condition and his closed head injury.

35.     The Plaintiff is entitled to recover all actual and compensatory damages.

## FOR A THIRD CAUSE OF ACTION

### S.C. Code 44-7-320 and Regulation 61-116

36.     Plaintiff, Michael Burden, incorporates all preceding paragraphs as if fully set forth herein.

37.     South Carolina Regulation 61-116 provides that facilities must comply with all Federal Law.

38.     Defendant, Medical University Hospital Authority, d/b/a MUSC Health Columbia Medical Center Downtown, is a hospital that participates in the Medicare program and is subject to EMTALA's requirements.

39.     42 U.S.C. § 1395dd(a) provides the following:

**a) Medical screening requirement**

9

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition (within the meaning of subsection (e)(1)) exists.

**(b) Necessary stabilizing treatment for emergency medical conditions and labor**

**(1) In general**

If any individual (whether or not eligible for benefits under this subchapter) comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either--

**(A)** within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or

**(B)** for transfer of the individual to another medical facility in accordance with subsection (c).

40.     Defendant failed to provide an appropriate medical screening examination to the Plaintiff, in violation of 42 U.S.C. § 1395dd(a).

41.     Defendant failed to stabilize the Plaintiff's emergency medical condition prior to transfer or discharge, in violation of 42 U.S.C. § 1395dd(b).

42.     South Carolina Code 44-7-320 provides the following:

A)(1) The department may deny, suspend, or revoke licenses or assess a monetary penalty, or both, against a person or facility for:

(a) violating a provision of this article or departmental regulations;

(b) engaging in conduct or practices detrimental to the health or safety of patients, residents, clients, or employees of a facility or service. This provision does not refer to health practices authorized by law;

(c) refusing to admit and treat alcoholic and substance abusers, the mentally ill, or persons with intellectual disability, whose admission or treatment has been prescribed by a physician who is a member of the facility's medical staff, or discriminating against alcoholics, the mentally ill, or persons with intellectual disability solely because of the alcoholism, mental illness, or intellectual disability;

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

43.     While refusing to examine or treat the Plaintiff, an agent, servant or employee of Defendant, MUSC Health stated that Plaintiff "was drunk, I smelled that". This was given as one of the several excuses along with accusations of criminal trespass and breaking and entering cars and the hospital building as a reason that the Plaintiff needed to go the "Prisma way". Furthermore, denying treatment to a person with a brain bleed is detrimental to the health or safety of patients.

44.     Plaintiff contends that he was entitled to an examination and treatment under both federal and state law by MUSC Health.  Plaintiff contends that it is a violation of his patient's rights as well as South Carolina and Federal Law for Defendant to deny him examination and treatment.

45.     As a direct and proximate cause of Defendant's actions, the Plaintiff suffered a delay in treatment, a worsening of his closed head injury and brain bleed; potential additional medical treatment and medical bills; permanent impairment and resulting disability.

### FOR A FOURTH CAUSE OF ACTION

#### (Loss of Consortium)

46.     The Plaintiff incorporates the allegations of all preceding paragraphs as if fully set forth herein.

47.     The Plaintiff, Zena Burden, is and was at all times relevant hereto, the wife of the Plaintiff, Michael Burden.

48.     As a result of the negligent, reckless, willful, wanton and/or grossly negligent conduct of the Defendant, the Plaintiff has sustained a loss or impairment of the marital

11

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

relationship with Michael Burden in spousal services, companionship, society, and sexual relations.

49.     The Plaintiff, Zena Burden, is entitled to judgment against the Defendant in an amount to be determined by a jury.

## FOR A FIFTH CAUSE OF ACTION

### (South Carolina Unfair Trade Practices Act)

50.     The Plaintiff incorporates the allegations of all preceding paragraphs as if fully set forth herein.

51.     Defendant is engaged in an unfair and deceptive trade practice whereby they accept federal and state funds through subsidies, tax breaks and other incentives as a public hospital to provide emergency medical aid to the public.

52.     Defendant regularly reports to federal and state authorities that they are in compliance with federal and state laws and regulations regarding their providing emergency medical attention to the public, to include stabilization in emergency medical situations and medical screening.

53.     Despite accepting taxpayer dollars to provide the above discussed medical services, they falsely report that they are in compliance with federal and state requirements to receive said funds.

54.     At all times relevant to this action, Defendant was, and is, actively engaged in a pattern of unfair and deceptive acts, in failing to provide emergency medical services to the public that they are required to perform under both federal and state law.

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106

55.     At all times relevant to this action, Defendant was, and is, actively engaged in a pattern or scheme of unfair and deceptive acts, whereby Defendant refused emergency care to individuals in the community that displayed behavior that appeared erratic, mentally unstable, dissociative, or otherwise of an altered state of consciousness.

56.     At all times relevant to this action, Defendant was, and is, actively engaged in a pattern or scheme of unfair and deceptive acts, wherein Defendant intended to dump patients in need of emergency medical care and/or stabilization upon other local emergency medical providers.

57.     As a result of Defendant's unfair and deceptive acts, the Plaintiff suffers from permanent physical and mental disabilities, as he was denied care that would have prevented or ameliorated these physical and mental injuries.

58.     Defendant's unfair and deceptive acts affect the public interest in receiving emergency medical treatment and they are capable of repetition, such that the public is being harmed and is likely to be harmed in the future in violation of the South Carolina Unfair Trade Practices Act, SC Code 39-5-10 et seq.

59.     That the Defendant knew or should have known that the aforementioned conduct was a violation of the South Carolina Unfair Trade Practices Act.

60.     That the Plaintiff is entitled to judgment against the Defendant for the entirety of his ascertainable damages as alleged above, said amount to be trebled, together with costs and attorney fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court:

a. Award compensatory damages in an amount to be determined at trial;

b. Award reasonable attorney's fees and costs pursuant to applicable law; and

c. Grant such other relief as this Honorable Court deems just and proper.

Respectfully submitted,

*s/ Warren P. Johnson*
Warren P. Johnson  (71759)
Joshua R. Fester  (102241)
Law Office of Darrell Thomas Johnson, Jr., LLC
300 Main Street
PO Box 1125
Hardeeville, South Carolina 29927
(Tel.) 843-784-2142
(Fax) 843-784-5770
*wpj@johnsonslawoffice.com*

*s/D. Bradley Jordan #15288*
Jordan Law Firm, PC
546 East Main Street
Post Office Box 11785
Rock Hill, SC 29731
(Tel.) 803-817-7999
(Fax) 803-817-9704
*brad@jordanlawfirmpc.com*

ATTORNEYS FOR PLAINTIFF

May 2, 2025
Hardeeville, South Carolina

ELECTRONICALLY FILED - 2025 May 02 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2025CP4003106